InSLEX, J.
By a contract entered into on the 11th August, 1859, between the plaintiff, M. L. Rossvally, and the defendant, tho city of New Orleans, the latter undertook to do and perform certain works, such as cleaning the streets and keeping in repair the unpaved streets of tho Eleventh Ward, Fourth Distriet of the city, as particularized in the specifications, for and during the term of three years, and, in consideration therefor, the city was to pay the plaintiff the sum of four thousand four hundred dollars per annum, in monthly installments of three hundred and sixty-six dollars, sixty-six and two-tliirds cents'—of which ten per cent, was to be retained until the end of each year, and then paid, if the streets were found in good order and condition, otherwise to be forfeited to the use of the city.
To insure the diligent and faithful performance of the works undertaken by the plaintiff, the city caused to be inserted into the contract several other stringent clauses, among which is the following: “In all cases, if tho contractor fails to perform or neglects his work, the street commissioner is bound to do it, or cause it to be done, at whatever cost he may be able to obtain the necessary materials and labor, and the amount of the fines, the wages of tho workmen and the cost of the materials, are to be deducted out of the monthly payments to be made to the said contractor.”
The contract, by the mutual consent of the parties, was annulled on the 10th December, of the same year; and the plaintiff claims in this suit, under his contract, the balance of one thousand and six dollars and interest, for work performed by him up to its termination..
The city pleaded the general issue, and payment of the installment for September.
Judgment was rendered against the defendant in the District Court, and he has appealed.
The plaintiff contends that his part of the contract, up to the time of its annullment, was faithfully and diligently performed, whilst the city maintains that the work was neglected, and not performed in accordance with the stipulations of the contract; that the plaintiff’s work was totally abandoned for a whole month, out of the time for which he claims payment; that he did not personally supervise the work, and that he failed to carry out the orders of the street commissioner. Who was, therefore, by the terms of the contract, required to cause the work to be done; and that for the work so ordered to be done by the commissioner, large sums of money were paid by tho city: and, that under the clause to which wo *8 have referred, the sums so paid must bo. deducted from the monthly installments.
The city thus states its account with tho plaintiff:
Allowing the full amount for the three months and ten days, without the deduction of the ten per cent., it would be......$1,222 12
Deduct tho amount paid to the plaintiff, which is admitted....................................... 216 00
Work done by tho city in September, and paid for.. Ill 00
Work done by the city in October, and paid for..... 861 18
Work done by the city in December, and paid for... 323 00 $1517 18
Amount overpaid.............................$292 96
That these several amounts were paid by the city on account of the work undertaken by the plaintiff, cannot be questioned; but, they are not chargeable to tho plaintiff, if he has done his work faithfully, and in accordance with the specifications of his contract.
To ascertain this, we have carefully examined all the evidence in tho record, and it fails to establish the plaintiff’s pretensions.
The Ward in which the plaintiff’s work was to be performed, was a largo one, containing some twenty-five squares, making some thirty or forty streets; and it would have required, says the street commissioner, not five (about the average number employed by the plaintiff on the work) but from fifteen to eighteen men, to do all that was required by the specifications.
Tho plaintiff’s witnesses concur in saying that tho number of laborers employed by the plaintiff would have sufficed for the work, had sufficient time been given them to do it. Brit none of those witnesses knew what work was required by the specifications.
The only witness who had seen the specifications published was Patrick Irwin ; but he says that he did not inspect tho work close enough to say if the plaintiff had earned his money.
The street commissioner, who knew what was required by tho specifications, although he did not recollect having read tho contract itself, says that the plaintiff did not, at any time, perform his obligations under his contract (meaning thereby under the specifications of the contract which he had read); that he failed to cut grass from the banquettes, clear tho gutters, grade tho streets and pile the dirt—a work which required prompt and efficient performance, and which needed two-thirds more labor than the plaintiff had at any time engaged upon it.
We are satisfied that, although the plaintiff did make some progress in his work, that he failed to perform what was called for by the specifications of the contract; and as he was legally put in default (see Art. O. C. 1905; 17 La. p. 310), the city was authorized, under the clause transcribed herein, to do the work neglected or left undone, at whatever cost the commissioner could obtain the necessary labor.
It was the plaintiff’s misfortune to undertake the extensive works required by his contract with the city, for one-half their value; hut, having accepted the stipulated consideration therefor, and subscribed to all the stringent clauses which the city, in view of the public interest, deemed necessary to peovu'e the performance, of the, contractor’s obligations, he. *9 must abide by them (see Art. 1895 C. 0.), as Courts are bound to give legal effect to all legal contracts, according to the true intent of the parties. Art. 1U40, $ 2.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, at’ the costs of the appellant.